UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MINERVA CHAVEZ, individually and on behalf of all others similarly situated,
Plaintiff,

v.

ALLSTATE NORTHBROOK INDEMINITY COMPANY,
Defendant.

Case No.: 22-cv-00166-AJB-DEB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**(Doc. No. 36)**

Presently pending before the Court is Defendant Allstate Northbrook Indemnity Company's motion to dismiss Plaintiff Minerva Chavez's ("Plaintiff") claim for violation of the California Unfair Competition Law ("UCL") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 36.) Plaintiff filed an opposition to the motion to dismiss, (Doc. No. 38), to which Allstate replied, (Doc. No. 39). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiff's UCL claim.

## I. BACKGROUND

The Court outlined Plaintiff's allegations in its Order Granting in Part Allstate's Motion to Dismiss Plaintiff's original Complaint. (Doc. No. 33.) In short, Plaintiff alleges

Allstate failed to issue adequate refunds under its "Shelter-in-Place Payback" program, in which it provided a 15% premium credit to personal auto insurance customers for March, April, and May 2020 due to the COVID-19 pandemic. (First Amended Complaint ("FAC"), Doc. No. 34, ¶¶ 4, 24.)

Plaintiff's FAC asserts two claims against Allstate: (1) breach of contract under the implied covenant of good faith and fair dealing; and (2) violation of California's Unfair Competition Law ("UCL") under its unfairness prong. (*See* FAC.) Allstate filed the instant motion to dismiss Plaintiff's UCL claim under Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiff fails to establish a lack of adequate legal remedies. (Doc. No. 36.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

**III. DISCUSSION**

Allstate moves to dismiss Plaintiff's UCL claim for failure to allege a lack of adequate legal remedies under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). (Doc. No. 36.)

Plaintiff asserts Allstate violated the unfair prong of the UCL because it failed to refund premiums at an adequate rate of 30%, despite knowing it had an excess of profits and lack of risk evaluation, and Allstate failed to disclose that it was earning excessive profits in light of the pandemic. (FAC ¶¶ 57–70.) In her FAC, Plaintiff requests that this Court grant the relief requested under the UCL in the event that Plaintiff's claims seeking legal remedies are revealed to be inadequate to provide a complete and adequate remedy for the harms described herein. Otherwise, Plaintiff and the members of the putative class may be irreparably harmed and/or denied an effective and complete remedy.

(*Id.* ¶ 70.) Allstate asserts Plaintiff's speculative and conditional allegations should be rejected because she fails to allege facts demonstrating whether her available legal damages would be inadequate from the equitable remedy she seeks. (Doc. No. 36 at 7.) Plaintiff responds that even after *Sonner*, plaintiffs may plead a UCL claim as an alternative remedy. (Doc. No. 38 at 8.)

In *Sonner*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts, *including the requisite inadequacy of legal remedies*, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 844 (emphasis added). There, the plaintiff dropped her claims for damages shortly before trial. Because the plaintiff failed to allege an adequate legal remedy in her complaint and conceded her claim for restitution was the same amount of money she had been seeking in damages, the court determined she failed to state a claim for relief. "Sonner fails to explain how the same amount of money for the exact same harm is inadequate or incomplete . . . ." *Id.* at 844.

///

Although Plaintiff is correct that courts in the Southern District of California have found that a plaintiff may plead a UCL claim as an alternative remedy predicated on the same underlying facts as a separate claim for damages, they still must allege that they will be irreparably harmed or denied an adequate remedy at law in the absence of equitable relief. *See Goldstein v. Gen. Motors LLC*, 517 F. Supp. 3d 1076, 1088 (S.D. Cal. 2021) (concluding that the prevailing view in this District is to allow claims for equitable relief at the pleading stage but dismissing the plaintiffs' UCL claim for failure to allege irreparable harm); *Shay v. Apple Inc.*, No. 20-cv-1629-GPC(BLM), 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) (concluding "*Sonner* is binding on this Court" and requires a UCL plaintiff to plausibly allege "an inadequate remedy at law" before pursuing equitable relief in the form of restitution or an injunction); *Rivera v. Jeld-Wen, Inc.*, No. 21-cv-01816-AJB-AHG, 2022 WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022) (same); *Fierro v. Capital One, N.A.*, No. 22-cv-00493-BAS-BLM, 2023 WL 1999482, at *6–7 (S.D. Cal. Feb. 15, 2023) (same). Because Plaintiff does not plausibly allege she lacks an inadequate remedy of law, the Court will dismiss her UCL claim.

Because the Court previously addressed this point in its previous Order granting in part and denying in part Allstate's motion to dismiss Plaintiff's original Complaint, (*see* Doc. No. 33), the Court **GRANTS** Allstate's motion to dismiss **WITHOUT LEAVE TO AMEND**.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Allstate's motion to dismiss Plaintiff's UCL claim.

**IT IS SO ORDERED.**

Dated: April 12, 2023

Hon. Anthony J. Battaglia
United States District Judge