UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA CHAVEZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMINITY COMPANY,<br>          Defendant. | Case No.: 22-cv-00166-AJB-MMP<br><br>**ORDER GRANTING JOINT MOTION TO SEAL**<br><br>**(Doc. No. 74)** |

  Presently pending before the Court is the Parties' joint renewed motion to file documents under seal. (Doc. No. 74.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS** the motion to seal.

**I. BACKGROUND**

  Plaintiff asserts two claims against Defendant Allstate Northbrook Indemnity Company: (1) breach of contract under the implied covenant of good faith and fair dealing; and (2) violation of California's Unfair Competition Law ("UCL") under its unfairness prong. (*See* FAC.)

  On June 21, 2023, the Parties entered into a protective order permitting the parties to designate as "CONFIDENTIAL" information that qualifies for protection under Federal

Rule of Civil Procedure 26(c). (Doc. No. 48 at 2–3.) The protective order also permits the Parties to designate as "CONFIDENTIAL – FOR COUNSEL ONLY" documents they, in good faith, believe contain trade secrets or other confidential research or information. (*Id.* at 3.)

The Parties now seek to seal Exhibit 5, excerpts from Plaintiff's Underwriting File, in support of Plaintiff's Motion for Class Certification.[1] (Doc. No. 74 at 3.)

## II.     LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than

---

[1] Plaintiff previously moved to file Exhibits 5, 6, 12, and citations within Plaintiff's Memorandum of Points and Authorities in Support of Amended Motion for Class Certification, (Doc. No. 68), which the Court denied, (Doc. No. 73). The parties thereafter agreed to de-designate each of these documents, save for Exhibit 5. (Doc. No. 74 at 2.)

2

tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## III. DISCUSSION

Because Plaintiff's motion for class certification is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019) (finding motion for class certification to be more than tangentially related to merits of the case).

The Parties seek permission to seal Exhibit 5, excerpts of Plaintiff's Underwriting File, which Defendant has marked as "CONFIDENTIAL." (Doc. No. 74 at 3.) Despite the existence of the Protective Order, the Court does not take it into consideration on the instant motion. However, in the instant matter, the Parties have put forth facts and arguments to persuade the Court of the need to seal Exhibit 5. (Doc. No. 74; Declaration of Anitra Clement ("Clement Decl."), Doc. No. 72-2.)

According to the Parties, Exhibit 5 "contains specific nonpublic information associated with Defendant's underwriting of Plaintiff's insurance, including reductions to

Plaintiff's premium." (Clement Decl. at 1.) Defendant states it routinely keeps this information private for competitive reasons and also to preserve Plaintiff's privacy. (Doc. No. 74 at 3.) Additionally, the information contained therein could be used by a competitor to Defendant's disadvantage. (Clement Decl. at 1.) Specifically, the Parties state that because Plaintiff remains a customer of Defendant, its competitors could use this information in soliciting Plaintiff's business to Defendant's detriment. (Doc. No. 74 at 3.)

The Court is satisfied that the Parties have shown compelling reasons to seal Exhibit 5. Where the parties show that the documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *Nixon*, 435 U.S. at 598. Here, the Parties have argued that Defendant may suffer serious competitive harm. Thus, the Court **GRANTS** the Joint Motion to Seal Exhibit 5.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' joint motion to seal. (Doc. No. 74.) The Clerk of Court is instructed to file under seal the proposed document currently sealed lodged with the Court. (Doc. No. 75.)

**IT IS SO ORDERED.**

Dated: March 18, 2024

Hon. Anthony J. Battaglia
United States District Judge