UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA CHAVEZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>    Defendant. | Case No.: 22-cv-00166-AJB-MMP<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S FAMILY MEMBERS**<br><br>[ECF No. 95] |

Pending before the Court is Defendant's Motion to Compel Deposition of Plaintiff's Family Members. [ECF No. 95.] Plaintiff has responded in opposition. [ECF No. 96.] For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Compel in part and **DENIES** Defendant's Motion to Compel in part.

This class action alleges Defendant breached the covenant of good faith and fair dealing by charging excessive auto insurance premiums during the COVID-19 pandemic. [ECF No. 34 at 2.] Defendant seeks to depose three members of Plaintiff Minerva Chavez's family—Jesus Chavez, Omar Chavez, and Melissa Chavez. [ECF No. 95 at 3.] In doing so, Defendant hopes to obtain information pertaining to Plaintiff's "legitimate expectation regarding her insurance," how frequently the insured vehicles were driven during the pandemic, and information about Defendant's potential defenses, such as failure to mitigate and unjust enrichment.

Plaintiff counters that none of these inquiries are relevant because, as the Court acknowledged in the class certification order, this case is based on the reduced aggregate driving risk during the pandemic, not individual rating factors. [ECF No. 83 at 7–9.] Accordingly, all elements of Plaintiff's claim will be met by "common proof, with no individualized inquiries." [ECF No. 96 at 4.]

Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The party seeking to compel discovery has the burden of establishing relevance. *Alves v. Riverside County*, 339 F.R.D. 556, 559 (C.D. Cal. 2021). "The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." *Id.* (internal citations omitted).

Neither party claims privilege is at issue, so the Court considers relevancy and proportionality. "Relevant" information is simply information "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). And "relevancy" is construed broadly. *Alves*, 339 F.R.D. at 559.

Given relevancy's low bar, the Court is unwilling to find Defendant's requested depositions irrelevant at this time. While Plaintiff represents one theory of the case and one damages model, Defendant represents another.[1] Plaintiff argues the Court's class certification order dispositively rejects Defendant's theory and damages model, but class certification is subject to be "altered or amended before final judgment." Fed. R. Civ. P.

---

[1] While Plaintiff and Defendant agree on the elements for a breach of covenant of good faith and fair dealing claim [ECF No. 95 at 5-6; ECF No. 96 at 5], they differ dramatically on what evidence is required to meet those elements and which defenses apply.

23(c)(1)(C). Accordingly, discovery is not the appropriate juncture to limit exploration of theories and damages. Because the Court finds at least some "individualized" discovery relevant, the burden shifts to Plaintiff to show why the discovery sought should be prohibited. Plaintiff argues these depositions "are noticed for the purpose of harassing Plaintiff, to intrusively drag her family members into legal disputes, and to delve into her personal life on a fishing expedition." [ECF No. 96 at 4.] Plaintiff does not develop these arguments further, so she does not carry her burden.

However, the Court has concerns about proportionality, particularly because all three proposed deponents are non-parties. *See Dart Industries Co., Inc. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) ("Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry"). To that end, the Court limits each of the three proposed depositions to one hour in length.

**IT IS SO ORDERED**.

Dated: December 19, 2024

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge