1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   SOUTHERN DISTRICT OF CALIFORNIA

8

9   MINERVA CHAVEZ, individually and      Case No.: 22-cv-00166-AJB-DEB
    on behalf of all others similarly situated,
10                                          **ORDER DENYING PLAINTIFF'S**
                                   Plaintiff, **MOTION TO FILE DOCUMENTS**
11                                          **UNDER SEAL**
    v.
12
    ALLSTATE NORTHBROOK
13  INDEMNITY COMPANY,
                                            **(Doc. No. 128)**
14                                Defendant.

15

16

17

18

19          On March 26, 2025, Plaintiff filed the instant motion to file under seal documents in

20  support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Doc. No.

21  128.) On April 9, 2025, Defendant Allstate Northbrook Indemnity Company ("Allstate" or

22  "Defendant") filed a Notice of Non-Opposition and Joinder. (Doc. No. 132.) Pursuant to

23  Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the

24  papers and without oral argument. For the reasons set forth below, the Court **DENIES**

25  Plaintiff's motion and Allstate's joinder.

26  **I.     LEGAL STANDARD**

27          Courts have historically recognized a "general right to inspect and copy public

28  records and documents, including judicial records and documents." *Nixon v. Warner*

1

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

2

## II.    DISCUSSION

The exhibits Plaintiff provisionally filed under seal are in support of Plaintiff's opposition to Allstate's motion for summary judgment. (Doc. No. 128.) Because a motion for summary judgment is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102.

Plaintiff moves to seal portions of four exhibits (Exhibits 1, 6–8), and the entirety of eight exhibits (Exhibits 2, 10–15, 17) containing information Allstate designated confidential pursuant to the Protective Order in this case. (*See* Doc. Nos. 48; *see also* Doc Nos. 129-1–129-12.) Plaintiff also filed a redacted version of her opposition brief to Allstate's motion for summary judgment, which she also filed under seal, but which is not addressed in either Plaintiffs' motion to seal or Allstate's joinder brief. (Doc. Nos. 128; 132.)

### A. Plaintiff's Exhibits 1, 6–8

Plaintiff's Exhibits 1, 6, 7, and 8 are all declarations of Allan I. Schwartz, Plaintiff's retained expert, which Plaintiff represents contain references to documents that Allstate designated as confidential pursuant to the Protective Order. (*See* Doc. No. 128 at 1, 3.) However, in violation of the Civil Case Procedures of the Honorable Anthony J. Battaglia, U.S. District Judge, and the law of this Circuit, neither Plaintiff nor Defendant Allstate make a particularized showing of compelling reasons—supported by factual evidence—to seal Exhibits 1, 6, 7, and 8. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020); J. Battaglia Civ. Case Proc. § IV.3. Neither Defendant's non-opposition brief nor the Declaration of Anitra Clement ("Clement Decl.")[1] filed in support, mention any specific reason for redacting Exhibits 1, 6, 7 and 8. (*See* Doc. Nos. 132; 132-1.) Instead,

---

[1] The Clement Declaration also incorrectly uses the "good cause" standard in support of sealing Plaintiff's exhibits. (*See* Doc. No. 132-1 ¶ 4.) The "compelling reasons" standard applies to evaluate sealing information filed in conjunction with a motion for summary judgment. *See Ctr. for Auto Safety*, 809 F.3d at 1098 ("[W]e applied the 'compelling reasons' standard to documents attached to a motion for summary judgment.") (citing *Foltz*, 331 F.3d at 1135–36).

Plaintiff and Defendant solely rely on reference to the stipulated Protective Order, which does not supply a legal basis to curtail the public's access to judicial records. *See In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, \*2 (S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing order). Plaintiff and Defendant also fail to identify a specific harm that would be caused by the public disclosure of these particular documents. (*See* Doc. Nos. 128, 132.)

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to seal Exhibits 1, 6, 7, and 8.

### B. Plaintiff's Exhibits 2, 10–15, 17

Plaintiff and Defendant seek to seal the entirety of Plaintiff's Exhibits 2, 10–15, and 17. (*See* Doc. Nos. 129-2; 129-6–129-12.) In Allstate's non-opposition and joinder brief, Allstate indicates that Exhibits 2, 10, 11, 12, 13, and 14 include "highly sensitive and competitive business information" and "sensitive information not available to [Allstate's] competitors that includes profits, costs, and margins data." (Doc. No. 132 at 2.) Allstate also indicates that Exhibits 2, 14, 15, and 17 include "[s]pecific communications with the [California Department of Insurance], the identity of employees responsible for communicating with the CDI, and the form or manner of those communications[, which] are highly confidential." (*Id.*) The Clement Declaration further notes that all of these exhibits "contain non-public, confidential, financial, and competitively sensitive information about Allstate's business operations in the State of California and beyond[,]" that "could be used by Allstate's competitors [] to Allstate's disadvantage." (Doc. No. 132-1 ¶¶ 4–5.)

The Court recognizes that compelling reasons may exist for sealing confidential business materials like nonpublic competitive business strategies, profits, costs, and other sensitive financial information. *See e.g.*, *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-1305-BAS-DDL, 2024 WL 1269474, \*2, 4 (S.D. Cal. Mar. 25, 2024). However, the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the exhibits which warrant sealing. *See Bovier v. Bridgepoint Educ./Ashford Univ.*, Case

4

No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litig.*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

Plaintiff's Exhibits 2, 10–15, and 17, which the parties seek to seal in their entirety, are either not narrowly tailored or the Court does not have a sufficient factual basis to justify sealing these exhibits in their entirety. For example, Exhibit 2 is a 33-page excerpt of the October 25, 2024 deposition of Nathan Remmert that does not contain narrowly-tailored redactions. (Doc. No. 129-2.) Similarly, Exhibit 14 is a letter from California Insurance Commissioner Ricardo Lara to Allstate, which contains public information about the COVID-19 pandemic, and also lacks narrowly-tailored redactions. (Doc. No. 129-10.) While Allstate cites to *Day v. GEICO Cas. Co.*, No. 21-CV-02103-BLF, 2023 WL 6558404 (N.D. Cal. Sept. 21, 2023) in support of an analogous case where the court granted a "similar request to seal documents from competitor insurance company in similar COVID-19 class action dispute[,]" (Doc. No. 132 at 3), there, GEICO provided specific reasons justifying proposed redactions or sealing for each individual document it sought to redact or seal. *Day*, 2023 WL 6558404, at *2. The *Day* court also found that "each of GEICO's sealing requests is narrowly tailored to seal confidential business and financial information, the disclosure of which would cause competitive harm to GEICO by allowing other insurers to obtain a unilateral advantage by learning about GEICO's business operations." *Id.* Here, Allstate has not demonstrated that the information it seeks to maintain under seal is narrowly tailored to satisfy the "compelling reasons" standard. Additionally, Allstate has not provided the Court with a particularized showing of compelling reasons, supported by factual evidence, to justify the sealing of each of the exhibits it seeks to maintain under seal.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion to seal Plaintiff's Exhibits 2, 10, 11, 12, 13, 14, 15, and 17.

### C. Redactions in Plaintiff's Opposition to Allstate's Motion for Summary Judgment

Plaintiff's publicly filed opposition brief to Allstate's motion for summary judgment contains redactions, presumably of information contained in the exhibits Plaintiff provisionally filed under seal. (*See* Doc. No. 131.) Neither Plaintiff, nor Allstate, provides any reason, let alone a compelling one, for why the redacted information in Plaintiff's opposition brief should remain under seal. (*See* Doc. Nos. 128; 132.)

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion to seal to the extent it applies to the redactions in Plaintiff's opposition brief to Allstate's motion for summary judgment.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to seal. (Doc. No. 128.) If Allstate wishes to provide supplemental briefing to justify sealing any exhibits or maintaining the redactions in Plaintiff's opposition brief, for which sealing is denied without prejudice, it must do so **within 7 days** of this Order. Allstate may either provide particularized reasoning or additional facts to support its sealing request of portions of Plaintiff's opposition brief and each exhibit it seeks to seal in its entirety or propose targeted redactions to the exhibits. If Allstate does not file supplemental briefing **within 7 days** of this Order, the Court will instruct the Clerk to docket the exhibits in accordance with this Order. The exhibits will remain lodged under seal in the interim.

**IT IS SO ORDERED.**

Dated:  June 25, 2025

Hon. Anthony J. Battaglia
United States District Judge

22-cv-00166-AJB-DEB